**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| RICKY D. MANLEY, | ) CASE NO. 3:13-cv-107 |
| Petitioner, | ) |
| | ) JUDGE JAMES GWIN |
| v. | ) |
| | ) MAGISTRATE JUDGE GREG WHITE |
| JOHN COLEMAN, Warden | ) |
| Respondent. | ) **REPORT AND RECOMMENDATION** |
| | ) |

Petitioner, Ricky D. Manley ("Manley"), challenges the constitutionality of his conviction in the case of *State v. Manley*, Allen County Court of Common Pleas Case No. CR 2010 0216. Manley, *pro se*, filed his Petition for a Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254 on January 16, 2013. On April 9, 2013, Warden John Coleman ("Respondent") filed his Answer/Return of Writ. (ECF No. 5.) Manley did not file a Traverse.[1] For reasons set forth in detail below, it is recommended that Manley's petition be DISMISSED.

---

[1] The Court received a copy of a letter addressed to Manley and dated May 16, 2013 from the Assistant Attorney General ("AAG") representing Respondent in this matter. The AAG's letter is a response to a letter Manley sent him asking for an extension of time to file his traverse. The AAG's letter to Manley explicitly states that: "Your request for an extension of time to respond to my answer/return of writ should be addressed to Magistrate Judge White, at the Carl B. Stokes United States Courthouse, 801 West Superior Avenue, Courtroom 11B, Cleveland, Ohio 44113-1845." Nevertheless, Manley has not sought an extension from this Court.

## I. Summary of Facts

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct.  28 U.S.C. § 2254(e)(1); *see also House v. Bell,* 283 F.3d 37 (6th Cir. 2002).  The state appellate court summarized the facts underlying Manley's conviction as follows:

> [*P2]  On June 30, 2010, Manley was observed by W.K. exiting a vehicle with a shotgun.  Tr. 143-44.  W.K. saw Manley fire the weapon in a southwesterly direction across the intersection of Allentown Road and Cornell Dr.  Tr. 144-46.  W.K. then saw Manley run back to the vehicle which then left the scene.  Tr. 146-47.  W.K. then contacted the police and gave them the license plate number from the vehicle and identified Manley as the person who fired the shotgun.  Tr. 149-59.
>
> [*P3]  The Lima Police Department investigated the incident and determined that the intended victim was Barry Ward Jr. ("Ward"), who at the time of the shooting was in a vehicle at the intersection in question.  Tr. 180-83.  Earlier that day, Ward had assaulted Manley at the Lima Municipal Court.  Tr. 176-77.  The blast from the shotgun missed the vehicle, but did strike and damage a nearby home, which was occupied at the time.  Tr. 230-52.

*State v. Manley*, 2011 Ohio App. LEXIS 4202, 2011-Ohio-5082 at ¶¶1-3 (Ohio Ct. App., Oct. 3, 2011).

## II. Procedural History

### A.  Conviction

On August 12, 2010, an Allen County Grand Jury charged Manley with two counts of felonious assault in violation of Ohio Revised Code ("O.R.C.") § 2903.11(A)(1) together with firearm specifications, one count of improperly handling firearms in a motor vehicle in violation of O.R.C. § 2923.16(B), one count of improperly discharging a firearm at or into a habitation in violation of O.R.C. § 2923.161(A)(1), and one count of discharging a firearm on or near a prohibited premises in violation of O.R.C. § 2923.162(A)(3)&(C)(2).  (ECF No. 5-1, Exh. 1.)

On December 14, 2010, a jury found Manley guilty as charged. (ECF No. 5-1, Exh. 2.) The trial court sentenced Manley an aggregate term of eighteen years incarceration. (ECF No. 5-1, Exh. 3.)

**B.  Direct Appeal**

On January 13, 2011, Manley, through new counsel, filed a Notice of Appeal with the Court of Appeals for the Third Appellate District ("state appellate court"). (ECF No. 5-1, Exh. 4.) Manley raised the following assignments of error:

> A.  The Court of Common Pleas Erred When it Denied Defendant's Motion to Suppress Identification Testimony.
>
> B.  The Court of Common Pleas Plainly Erred by Failing to Find That the Prosecutor Improperly Vouched for One of its Key Witnesses and Improperly Impugned the Motivation of Defense Counsel in His Closing Argument.
>
> C.  The Court of Common Pleas Erred in Finding That Defendant's Relationship with the Victim Facilitated the Offense.

(ECF No. 5-1, Exh. 5.)

On October 3, 2011, the state appellate court overruled all three of Manley's assignments of error, but, *sua sponte*, found plain error in the sentencing. *Manley*, 2011-Ohio-5082 at ¶¶23-25. The Court observed that the verdict forms did not specify the levels of offense and/or aggravating factors for Counts Three and Five and, therefore, Manley should only have been found guilty of fourth degree misdemeanors on those counts rather than fourth degree felonies. *Id*. As such, the matter was remanded for a proper judgment of conviction and resentencing. *Id*. at ¶25.

On October 27, 2011, a hearing was held where Manley's conviction was modified to reflect that Counts Three and Five were misdemeanors of the fourth degree. (ECF No. 5-1, Exh.

9.)  The trial court sentenced Manley to an aggregate term of seventeen years incarceration.  *Id*.

On November 17, 2011, Manley filed a Notice of Appeal with the Supreme Court of Ohio raising one proposition of law:

> In a criminal prosecution, a prosecutor's acts of personally vouching for the State's witnesses and denigrating the motives and performance of defense counsel in his closing argument, when not objected to by defense counsel, will constitute reversible error where there is a reasonable probability that, but for the prosecutor's improper statements, the result of the proceeding would have been different.

(ECF No. 5-1, Exhs. 9 & 10.)

On February 22, 2012, the appeal was dismissed as not involving any substantial constitutional question.  (ECF No. 5-1, Exh. 12.)

## C. Federal Habeas Petition

On January 16, 2013, Manley filed a Petition for Writ of Habeas Corpus and asserted the following ground for relief:

> GROUND ONE: Prosecutor engaged in misconduct during closing argument of trial by (1) personally vouching for the credibility of State witnesses and (2) denigrating role and performance of the defense counsel.  Concerning defense counsel's argument that the police prematurely made up their minds against defendant, prosecutor stated, "I know these people, and frankly, it's offensive [to suggest that]."  And later prosecutor stated, "That's the tension between the prosecutor and the defense attorney.  We try to make it clear.  They try to make it more fuzzy."

(ECF No. 1.)

### III.  Exhaustion and Procedural Default

## A.  Exhaustion Standard

Petitioners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings.  *See* 28 U.S.C. § 2254(b),(c).  This requirement is satisfied "when the

-4-

highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). However, if relief is no longer available in state court, exhaustion can be rendered moot: "If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *see Buell v. Mitchell*, 274 F.3d 347, 349 (6th Cir. 2001).

**B.   Procedural Default Standard**

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir.2006) (*citing Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). A claim may become procedurally defaulted in two ways. *Id*. First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Id.*; *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[2]  *Id.*

---

[2]  In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135. Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id*. at 138-39; *Barkley v. Konteh*, 240 F.Supp.2d 708 (N.D. Ohio 2002).

Second, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).  If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).  This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts.  AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28.  Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id*.  In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal. *Id*. Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted. *Id*.

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue--not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  A petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented as a federal constitutional claim: "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms

sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003).

A petitioner's procedural default, however, may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *See Maupin*, 785 F.2d at 138-39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id*. Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied. *See United States v. Frady*, 456 U.S. 152, 172 (1982); *Perkins v. LeCureux*, 58 F.3d 214, 219-20 (6th Cir. 1995); *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that the outcome of the trial would have been different. *See Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003) (*citing Strickler v. Greene*, 527 U.S. 263, 289 (1999)).

Finally, a petitioner's procedural default may also be excused where a petitioner is actually innocent in order to prevent a "manifest injustice." *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). Conclusory statements are not enough – a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995)*; See Jones v. Bradshaw*, 489 F.Supp.2d 786,

807 (N.D.Ohio 2007).

## C. Analysis

Respondent argues that Manley's sole ground for relief is procedurally defaulted.  (ECF No. 5 at 5-10.)  Specifically, Respondent avers that Manley failed to comply with Ohio's contemporaneous objection rule, and that the state appellate court actually enforced the procedural bar.  *Id*.  Respondent accurately recounts the state appellate court's opinion, which stated as follows:

> [*P13]  In the second assignment of error, Manley claims that the trial court erred by allowing the State to improperly vouch for the credibility of its witness and by improperly impugning the character of defense counsel.  Manley claims that the improper statements made by the State amount to prosecutorial misconduct and is sufficient to warrant reversal.  However, ***this court notes that Manley did not object to either of the statements to which he assigns error.  A claimed error not objected to will not be reviewed on appeal absent a showing of plain error***.  Crim.R. 52(B), *State v. Underwood* (1983), 3 Ohio St.3d 12, 3 Ohio B. 360, 444 N.E.2d 1332.  To rise to the level of plain error, the record must show that the error occurred and that the error affected the outcome of the trial.  *Id*.

*Manley*, 2011-Ohio-5082 at ¶13 (emphasis added).  The state court then conducted a lengthy review, ultimately finding that the prosecutor's statements did not rise to the level of plain error.  *Id*. at ¶¶14-18.

In Ohio, a petitioner waives an alleged error when he fails to make a contemporaneous objection.  *See Osborne v. Ohio*, 495 U.S. 103, 124 (1990) (recognizing Ohio's long-standing contemporaneous objection rule).  The Sixth Circuit has held that Ohio's "contemporaneous-objection rule is an adequate and independent state ground barring federal habeas review, *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005), and that plain-error review is not inconsistent with

the procedural default." *Awkal v. Mitchell*, 613 F.3d 629, 648-649 (6th Cir. 2010)[3] (citing *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006)); *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001). "The state court's plain error review did not constitute a waiver of the procedural default." *Mason v. Brunsman*, 483 Fed. Appx. 122, 130-31 (6th Cir. 2012), *cert. denied* 133 S. Ct. 447 (2012); *see also Shafer v. Wilson*, 364 Fed. Appx. 940, 945 (6th Cir. 2010) (finding that the State of Ohio expressly enforced its contemporaneous objection rule where "the last state court to render a reasoned opinion in this case, the Ohio Court of Appeals on direct appeal, noted the failure to object, applied plain-error review, and denied [appellant's] claims for relief"); *cf. Taylor v. McKee*, 649 F.3d 446, 451 (6th Cir. 2011) ("Michigan's contemporaneous-objection rule is both a well-established and normally enforced procedural rule.")

In the instant case, Manley's counsel never objected to the prosecution's statements during closing arguments. (ECF No. 5-3, Tr. 456, 462.) Accordingly, the first three elements of *Maupin* test are satisfied, as Manley failed to comply with the contemporaneous objection rule, the state appellate court actually enforced the rule, and the rule constitutes an "independent and adequate" state ground foreclosing federal review. As such, ground one is procedurally defaulted under *Maupin*.

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren*, 440

---

[3] The Sixth Circuit's decision in *Awkal* presents an almost identical factual scenario. Therein, the petitioner argued that the prosecutor engaged in misconduct, but the Ohio Supreme Court invoked the contemporaneous objection rule and reviewed only under the plain error standard. 613 F.3d at 648. The *Awkal* court found that the prosecutorial conduct claim was, therefore, procedurally defaulted.

-9-

F.3d at 763 (citing *Wainwright*, 433 U.S. at 87.) "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Manley has not presented this Court with any argument as to cause for his default or identified any ensuing prejudice. Even if this Court were to assume that Manley would claim ineffective assistance of trial counsel as "cause," such an argument would fail. Ineffective assistance of counsel may constitute cause for a procedural default, *Murray*, 477 U.S. at 488, unless that claim is also procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). Manley did not raise an ineffective assistance of trial counsel claim on direct appeal despite being represented by different counsel.[4] As such, any claim of ineffective assistance of trial counsel would also be defaulted. Absent cause for his procedural default, there is no need to address whether Manley can demonstrate prejudice.

Finally, while a petitioner's procedural default may be excused where a petitioner is actually innocent, Manley has made no such claim, nor has he presented this Court with any new, reliable evidence. As such, there is no justifiable reason to excuse his default.[5]

---

[4] During his trial, Manley was represented by attorney Jerry O. Pitts. On appeal, he was represented by Thomas A. Sobecki. (ECF No. 5-1, Exhs. 4, 5; ECF No. 5-2.)

[5] Because Manley's sole ground for relief is procedurally defaulted, the interests of judicial economy would not be served by also addressing his claim on the merits.

## IV. Conclusion

For the foregoing reasons, it is recommended that Manley's Petition be DISMISSED as procedurally defaulted.

                                                             /s/ Greg White
                                                             U.S. MAGISTRATE JUDGE

Date: January 27, 2014

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**