UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |  |
|---|---|---|
| RICKY D. MANLEY, | : | |
|  | : | CASE NO. 3:13-CV-107 |
| Petitioner, | : | |
|  | : | |
| v. | : | OPINION & ORDER |
|  | : | [Resolving Doc. No. 1] |
| JOHN COLEMAN, | : | |
|  | : | |
| Respondent. | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On January 16, 2013, Petitioner Manley moved to vacate his sentence pursuant to 28 U.S.C. § 2254.[1] Petitioner said that prosecutorial misconduct occurred during closing argument when the prosecutor personally vouched for the credibility of state witnesses and denigrated the role and performance of defense counsel.[2] The Court referred the petition to Magistrate Judge Greg White for a Report and Recommendation.[3] On September 12, 2013, Magistrate Judge White issued a report recommending this Court deny the petition.[4] Petitioner Manley has not filed an objection. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Petitioner's motion.

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have made an objection.[5]

---

[1] Doc. 1.
[2] *Id.* at 5.
[3] Doc. 2.
[4] Doc. 6.
[5] 28 U.S.C. § 636(b)(1).

-1-

Case No. 3:13-CV-107
Gwin, J.

Parties must file any objections to a Report and Recommendation within fourteen days of service.[6] Failure to object within that time waives a party's right to appeal the magistrate judge's recommendation.[7] Absent objection, a district court may adopt the magistrate's report without review.[8] Moreover, having conducted its own review of the petition,[9] this Court agrees with the conclusions of the Magistrate Judge.

Accordingly, the Court **ADOPTS** in whole Magistrate Judge White's findings of fact and conclusions of law and incorporates them fully herein by reference. The Court **DENIES** Petitioner's § 2254 petition. Moreover, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[10]

IT IS SO ORDERED.

Dated: February 18, 2014

s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[6] Fed. R. Civ. P. 72(a).

[7] *Id.*; see *Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

[8] *Thomas*, 474 U.S. at 149.

[9] Petitioner never filed a Traverse.

[10] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).